# IN THE UNITED STATES DISTRICT COURT

# FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| WILLIAM O. SPIVEY, #K-81482, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | CIVIL NO. 10-cv-893-JPG |
| ) | |
| RANDY DAVIS, et al., ) | |
| ) | |
| Defendants. ) | |

## MEMORANDUM AND ORDER

**GILBERT, District Judge:**

Plaintiff, an inmate in the Pinckneyville Correctional Center, brings this action for deprivations of his constitutional rights pursuant to 42 U.S.C. § 1983. This case is now before the Court for a preliminary review of the complaint pursuant to 28 U.S.C. § 1915A, which provides, in pertinent part:

> (a) **Screening.**– The court shall review, before docketing, if feasible or, in any event, as soon as practicable after docketing, a complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity.
> (b) **Grounds for Dismissal.**– On review, the court shall identify cognizable claims or dismiss the complaint, or any portion of the complaint, if the complaint–
>
> > (1) is frivolous, malicious, or fails to state a claim on which relief may be granted; or
> > (2) seeks monetary relief from a defendant who is immune from such relief.

28 U.S.C. § 1915A.

An action or claim is frivolous if "it lacks an arguable basis either in law or in fact." *Neitzke*

*v. Williams*, 490 U.S. 319, 325 (1989). Upon careful review of the complaint and any supporting exhibits, the Court finds that the claims in the complaint may be dismissed at this point in the litigation.

**Facts:**

The following version of the facts of this case are gleaned from Plaintiff's complaint (Doc. 1). Plaintiff alleges that the Defendants are denying him access to the law library so that he cannot work on federal lawsuits he has pending, which have already been filed.

**Discussion:**

Plaintiff alleges that by denying him access to the law library, Defendants are in fact denying him access to the Courts. "[T]he mere denial of access to a prison law library or to other legal materials is not itself a violation of a prisoner's rights; his right is to access *the courts*, and only if the defendants' conduct prejudices a potentially meritorious challenge to the prisoner's conviction, sentence, or conditions of confinement has this right been infringed." *Marshall v. Knight*, 445 F.3d 965, 968 (7th Cir. 2006). A prisoner's complaint must "spell out, in minimal detail, the connection between the alleged denial of access to legal materials and an inability to pursue a legitimate challenge to a conviction, sentence, or prison conditions." *Id.*

In the case at bar, Plaintiff alleges that the denial impedes his ability to work on lawsuits that he has already filed. He does not allege that he is being denied the ability to pursue future challenges to his conviction, sentence, or conditions of confinement. It is clear from the filing of this suit as well as the motions that accompany this action that the denial of access to the law library has not prevented Plaintiff from filing suits with this Court. Because Plaintiff's inability to access the law library does not impede his ability to file claims with the Courts, this claim is dismissed with prejudice.

**Disposition:**

**IT IS HEREBY ORDERED** that Defendants **DAVIS, JOHN DOE ASSISTANT WARDEN OF PROGRAMS, CRUZ, HEIDEMANN, PINCKNEYVILLE LAW LIBRARY, JOHN DOES EMPLOYEES OF PINCKNEYVILLE 2ND SHIFT CORRECTIONAL OFFICERS,** and **JOHN DOE ASSISTANT WARDEN OF OPERATIONS** are **DISMISSED** from this action with prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's complaint is **DISMISSED**, with prejudice, pursuant to 28 U.S.C. § 1915A for failing to state a claim upon which relief may be granted. This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

**IT IS SO ORDERED.**

**DATED: March 10, 2011**

*s/J. Phil Gilbert*
**United States District Judge**